## CORP v. GRISWOLD.

Exemption: TEAM : PHYSICIAN. While a physician would be entitled to claim as exempt two horses, if by their use he habitually earned his living, and this whether he used them together or singly, yet, in order to avail himself of the exemption, he must show this use of both, for the purpose and in the manner contemplated by the statute.

*Appeal from Lee District Court.*

SATURDAY, JUNE 26.

REPLEVIN for a mare levied upon by defendant as deputy sheriff, at the suit of Rourke & Bro., against plaintiff, and by plaintff claimed as exempt from execution, as being " the horse" (or part of the team) by the use of which, as a physician, "he habitually earned his living."

The court (under § 3088, Rev.) found the following facts :

1. The attachment, at the suit of Rourke & Bro., was levied upon the mare in controversy July 22, 1867.

2. In December, 1867, plaintiff, in that action, recovered judgment for, etc., with an order to sell the property attached.

3. This action was commenced July 25th, 1867.

4. When the attachment was levied, plaintiff was in possession of the mare and said she belonged to one Judy; plaintiff then had another horse which he claimed as his own.

5. He was a practicing physician and used one horse in the prosecution of his business.

6. At the time of the levy he owned two horses, one being the mare in controversy.

7. In May, 1868, he said he did not claim the mare in controversy as exempt, and that he owned two horses.

8. On the 9th of August, 1867, plaintiff's wife claimed the *horse*, by putting her title on record, as contemplated by Rev. § 2502. She had license from the proper federal officer to practice as a physician, and traveled as such.

9. Plaintiff bought the mare of Judy, and represented to him that he wanted her, as his other horse was worn down.

Upon these facts the court found that the mare was *not exempt*, but liable to the attachment. Judgment accordingly, and plaintiff appeals.

*F. Semple* for the appellant.

*Jno. Van Valkenburg* for the appellee.

WRIGHT, J. — The law is that the horse or team, consisting of not more than two horses * * * by the use of which any physician * * * habitually earns his living, shall be exempt from execution. Rev. § 3304.

It is conceded that this and all parts of the exemption law should receive a liberal construction. This we admit in its broadest and fullest sense. We admit, also, that plaintiff, as a physician, would be entitled to claim as exempt *two horses*, if, by their use, he habitually earned his living ; and this he could do, whether he drove them together, or used them singly. That is to say, if his business was such that he needed to use and did use these horses, in a sulky or single buggy, and by such use habitually earned his living, both would be exempt, as fully and entirely as though he used them together, or as a *team*, in a double buggy.

The difficulty with his case is, however, that he does *not show* the use of the *mare* in controversy, for the purpose and in the manner contemplated by the statute. Plaintiff claims the exemption. He should make out his case. He shows that he *owned* two horses, one being the

mare in controversy. But while he used one horse in his business, he does *not* show that this mare was thus used. It makes no difference that the other was used and exempt. The question is, was the *mare* exempt?

Then, aside from this view, all of his conversations inevitably indicated that he did *not* claim the mare in controversy as exempt. · At least the court so found, and the testimony not being before us, we must accept the same as true. The wife's claim, made after the levy of the attachment, is of no avail; nor would the fact that *she* also was a physician and needed a horse in her practice, exempt to plaintiff an animal which *he* did *not* use, for the purpose contemplated by the statute.

We feel constrained to hold that the property was not exempt, and that the judgment below should be

Affirmed.